**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 24 Hour Fitness USA, Inc., | ) | No. CV 11-02418-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Monica Di Giuro, | ) | |
| Respondent. | ) | |

Respondent filed a demand and claim for individual arbitration with JAMS Northern California, a private dispute resolution provider, in March 2011. (Doc. 2, ex. A). Nevertheless, petitioner filed this petition to compel arbitration on December 7, 2011, some 9 months later. (Doc. 1).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. See, e.g., Jacobs v. USA Track & Field, 374 F.3d 85, 86 (2d Cir. 2004) (refusal to arbitrate is a prerequisite to compelling arbitration under Section 4 of the Federal Arbitration Act ("FAA")). If the refusal to perform the agreement is at issue, "the court shall hear and determine such issue." 9 U.S.C. § 4. "[Section] 4 of the FAA does not confer a right to compel arbitration of any dispute at any time." Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 474-75, 109

S. Ct. 1248, 1253 (1989). Respondent has not refused to arbitrate. Even petitioner concedes that "both parties have committed to proceed with arbitration of Respondent's claims." (Doc. 22 at 8).

In its petition to compel arbitration, petitioner contends that respondent worked for petitioner until May 9, 2004 and is bound by the terms of the 2001 Arbitration Agreement.[1] (Doc. 1 at 2). The parties' 2001 Arbitration Agreement provides: "We agree to settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1-16. All disputes will be resolved by a single Arbitrator. The Arbitrator shall be selected by mutual agreement of the parties." (Doc. 2, ex. C at 1). Petitioner "requests that the Court compel arbitration in accordance with the terms of the Arbitration Policy, in the District of Arizona." (Doc. 1 at 2). But petitioner acknowledges that "the Agreement itself is silent on the location of the arbitration hearing." (Doc. 1 at 9).

"24 Hour Fitness' position is that, pursuant to the language of the arbitration agreements, the proper venue for arbitration is the location in which the dispute between 24 Hour Fitness and Respondent arose." (Doc. 22 at 3). Petitioner's argument rests solely on its contention that "[i]t would be absurd" to arbitrate anywhere but Arizona (doc. 1 at 9). But petitioner fails to identify a case or statute which compels arbitration in this District, despite the lack of a forum selection clause in the agreement. Nothing in the contract provides that arbitration must occur in Arizona or in the place of respondent's employment.

Respondent has not refused to arbitrate within the meaning of § 4 of the FAA. The Northern District of California has been the center of all the litigation arising out of this dispute. It is also the place of petitioner's headquarters. Any action to confirm an arbitration award should be heard in the Northern District of California. It thus makes sense to arbitrate

---

[1] Petitioner contradicts itself in its reply, asserting that the 2005 Arbitration Agreement controls. (Doc. 22 at 9). The reply quotes from this agreement, which is purportedly attached to counsel's declaration, but the cited exhibit is a copy of the 2001 agreement. (Doc. 2 ¶ 7, ex. C). Since respondent's employment ended in May 2004 and the 2001 agreement was in effect until January 2005, the 2005 agreement is inapplicable to respondent.

there.

Accordingly, **IT IS ORDERED DENYING** petitioner's petition to compel arbitration. (Doc. 1). The clerk shall enter judgment dismissing this action.

DATED this 17th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge